IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OMAR LOBERA

    Plaintiff

v.                                                                                 No. 2:24-cv-00166-DHU-KRS

FEDEX GROUND PACKAGE
SYSTEM, INC. AND
B&M INDUSTRIAL, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Opposed Motion to Remand, filed March 21, 2024 ("Motion"). Doc. 14. On April 04, 2024, Defendant FedEx responded. Doc. 16. Plaintiff did not file a reply to Defendant's response and the deadline has passed. Having considered the parties briefs, the record of the case, and applicable law, the Court finds that the Motion is with merit and shall be **GRANTED**. The Court **DENIES** Plaintiff's request for attorney fees.

## I.
## BACKGROUND

This case arises out of a worksite accident wherein Plaintiff Omar Lobera ("Plaintiff") was injured while repairing a conveyor belt. Doc. 1-1 at 3. Plaintiff alleges he is an industrial mechanic who was employed by Defendant B&M Industrial, Inc. ("Defendant B&M"), and on or about November 11, 2021, he was injured at Defendant FedEx Ground Packaging System, Inc.'s ("Defendant FedEx") premises located at 750 Industrial Ave., Santa Teresa, New Mexico. *Id.* Plaintiff submits that Defendant FedEx contracted Defendant B&M to repair a conveyor belt at the FedEx facility. *Id.* at ¶ 6. Plaintiff claims that while he was standing on a ladder provided by Defendant FedEx to assess the conveyor belt, his co-worker John Garcia stepped away, and

1

Plaintiff lost his balance and grabbed onto the belt as to not fall. *Id.* at ¶ 8. The conveyor belt turned on and pulled Plaintiff "by his right arm all the way up to his chest." *Id.* Plaintiff alleges that the "[t]he conveyor belt did not have a safety feature that prevents it from running if the safety guard is missing." *Id*. Plaintiff says he hung from the conveyor belt screaming for help. *Id*. It was then that Plaintiff's coworker, Mr. Garcia, ran to hit the emergency shutoff in a different area of the warehouse. *Id.* Plaintiff suffered serious injuries as a result. *Id.* at ¶ 9.

Consequently, Plaintiff commenced suit on November 7, 2023, in the Third Judicial District Court of Dona Ana County against Defendant FedEx and Defendant B&M. Doc. 1-1. Plaintiff's Complaint alleges (i) Defendant FedEx was negligent in maintaining conditions that posed an unreasonable risk of harm to Plaintiff and that (ii) Defendant B&M is liable for an intentional tort under the doctrine laid out in *Delgado v. Phelps Dodge, Inc.*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148. *See* Doc. 1-1 at ¶¶ 13, 14. In his complaint, Plaintiff submits that he is a resident of El Paso, Texas. Doc. 1-1 at ¶ 1. Defendant B&M is a Texas corporation doing regular and systematic business in the State of New Mexico. Doc. 1-1 at ¶ 3. Defendant FedEx is a corporation that was organized under the laws of the State of Delaware and its principal place of business is in Pennsylvania. Doc. 1 at ¶ 14.

On February 20, 2024, Defendant FedEx removed this case to this Court, asserting diversity jurisdiction and the premise that Plaintiff fraudulently joined Defendant B&M for the purpose of frustrating federal jurisdiction. Doc. 1 at ¶ 15. Defendant FedEx submits that recovery against Defendant B&M is impossible as a matter of law because the New Mexico Workers' Compensation Act ("NMWCA"), NMSA 1978, §§ 52–1–1 to –70, provides the exclusive remedy for Plaintiff's on-the-job injury. Doc. 1 at ¶¶ 19, 20. Defendant FedEx further argued that the exception to the exclusivity provision, willful and intentional conduct on behalf of the employer,

2

is inapplicable here. Doc. 1 at ¶ 21. On March 07, 2024, once in federal court, Defendant B&M filed a Motion to Dismiss for Failure to State a Claim alleging similar grounds. Doc. 8. On March 21, 2024, Plaintiff filed a response to the Motion to Dismiss, and Defendant B&M filed a reply to the response on April 10, 2024. Docs. 15, 18.

On March 21, 2024, Plaintiff filed the instant motion to remand, asserting that because he pleaded intentional conduct and there is lack of jurisdiction between the parties, this Court should remand the case to state court. Doc. 14. Plaintiff further asserts that Defendant FedEx asks this Court to decide that Defendant B&M's conduct was not willful or intentional as a matter of law, which is not appropriate on a motion to remand. Doc. 14 at ¶ 11. Defendant FedEx filed a response on April 04, 2024. Doc. 16. In the response, Defendant FedEx claims that there is no diversity jurisdiction because Plaintiff's allegations against Defendant B&M do not demonstrate willful or intentional conduct and therefore there is no possibility of recovery against Defendant FedEx. Doc. 16 at 2-3. Defendant FedEx asserts fraudulent joinder. Doc. 16.

## II.
## LEGAL STANDARD

### A. Remand and Fraudulent Joinder.

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). An action is removable from state court only if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a federal court has original jurisdiction over a matter when the parties are diverse in citizenship and the amount in and the amount in controversy exceeds $75,000.00. *See Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). Due to the nature of federal jurisdiction, "[r]emoval statutes are to be strictly construed,

and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co. Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The defendant seeking to remove an action to federal court bears the burden of establishing subject-matter jurisdiction over the case. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

The party invoking diversity jurisdiction must show that complete diversity of citizenship exists between the adverse parties. *See Symes*, 472 F.3d at 758. "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). When a case lacks complete diversity, a defendant may nonetheless remove the case to federal court based on diversity jurisdiction if the defendant can show that a plaintiff fraudulently joined a non-diverse party. *Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). Joinder is considered fraudulent when a plaintiff joins a "resident defendant against whom no cause of action is stated" to prevent removal under a federal court's diversity jurisdiction. *See Dodd v. Fawcett Pubs., Inc.,* 329 F.2d 82, 85 (10th Cir. 1964). If a party is found to be fraudulently joined, the court can ignore the citizenship of the party for the purpose of establishing jurisdiction. *See Dutcher*, 733 F.3d at 987-88.

**B. The New Mexico Workers' Compensation Act.**

The New Mexico Worker's Compensation Act, N.M. Stat. Ann. §§ 52–5–1 to –22, ("NMWCA") generally "provides the exclusive remedy against employers for employees injured on the job," *Vigil v. Digital Equip. Corp.,* 1996–NMCA–100, ¶ 7, 122 N.M. 417, 925 P.2d 883. However, Section 52-1-11 (1989) indicates that this exclusivity provision does not extend to non-accidental injuries. *See Delgado v. Phelps Dodge Chino, Inc*., 2001-NMSC-034, ¶ 25, 131 N.M. 272, 280, 34 P.3d 1148, 1156. When an employee is deliberately harmed by their employer, that injury is considered "non-accidental," thereby excluding it from the NMWCA's coverage.

*Delgado*, 2001-NMSC-034, ¶ 26. In situations of intentional torts, the exclusivity provision does not apply because the NMWCA was not intended to protect employers from liability for intentional torts. *Id.* ¶ 30.

## III.
## DISCUSSION

The issues before the Court are whether complete diversity among the parties exists so as to give the Court diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and whether Defendant FedEx's removal of this action was procedurally defective, requiring remand to state court. Defendant FedEx argues diversity jurisdiction exists because Defendant B&M should be disregarded under the theory of fraudulent joinder. Plaintiff responds that he did not fraudulently join Defendant B&M, as there is a possibility for him to establish a *Delgado* claim against it.

**A. The Court finds Defendant FedEx has not demonstrated that Defendant B&M was fraudulently joined.**

In his Motion, Plaintiff requests the case be remanded to state court on the grounds that his joinder of Defendant B&M was not fraudulent because Defendant FedEx has not met its heavy burden of proving that Plaintiff has no possibility of recovering against Defendant B&M. Doc. 14 ¶ 5. Plaintiff submits that his Complaint contemplates an exception to the NMWCA exclusive remedy provision and alleges how Defendant B&H's conduct could possibly fall within the scope of that exception. Doc. 14 ¶ 10. He adds that whether Defendant B&M's conduct exposes it to tort liability is a merits decision which requires an "intricate analysis of state law," and it is not the role of this Court to pre-try the merits of this case on an accusation of fraudulent joiner. Doc. 14 ¶ 9.

In opposition of remand and in support of fraudulent joinder, Defendant FedEx makes three main arguments. First, Defendant FedEx argues that Plaintiff's Complaint concedes that Defendant

5

B&M is "[i]mmune from [l]iability according to the New Mexico Workers' Compensation Act." Doc. 16 at 7-8. Second, even if Plaintiff did not concede to this, concluding that Plaintiff cannot possibly establish a *Delgado* claim against Defendant B&M does not require an intricate analysis of state law or a pre-trial of the merits. Doc. 16 at 8-9. Third, Plaintiff cannot establish a *Delgado* claim under the alleged facts and applicable law. Doc. 16 at 8-17.

Generally, to demonstrate fraudulent joinder "the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d 980 at 987 (quoting *Cuevas v. BAC Home Loans Servicing, LP,* 648 F.3d 242, 249 (5th Cir.2011)) (internal quotation marks omitted). The removing party "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)) (internal quotation marks omitted). The defendant "must demonstrate that there is *no possibility* that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Montano v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592 at **1-2 (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)) (emphasis added). On the other hand, the plaintiff need only "demonstrate the possibility of a right to relief to defeat removal jurisdiction." *Spataro v. Depuy Orthopaedics, Inc.*, No. CIV 08-0274 JCH/LAM, 2009 WL 382617, at *5 (D.N.M. 2009) (unpublished) (citations and quotation marks omitted). When determining whether a party is fraudulently joined, "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992)).

6

Here, Defendant FedEx, first points to Plaintiff's Complaint, suggesting that Plaintiff admitted Defendant B&M is immune from liability, which would preclude recovery under the NMWCA. Doc. 16 at 7-8. Plaintiff responds that this language merely acknowledges the existence of the NMWCA's exclusive remedy provision. Doc. 1-1 at ¶ 12. The Court agrees with Plaintiff. Furthermore, a review of Plaintiff's Complaint demonstrates that he sufficiently plead and discussed the possibility of a *Delgado* claim against Defendant B&M. Doc. 1-1 at ¶¶ 27-29. Therefore, the Court is not convinced that Plaintiff conceded there is no possibility of recovery against Defendant B&M.

Second, Defendant FedEx asks this Court to engage in the *Delgado* framework and conclude that this evaluation does not necessitate a detailed analysis of state law or a pre-trial examination of the merits of the case. This, however, would involve the Court ruling, as a matter of law, that Defendant B&M's conduct as alleged in Plaintiff's Complaint does not and cannot rise to the level of intentionality needed to remove the case from under the exclusivity provision of the NMWCA. It is well established that determining whether a defendant's conduct constitutes willful and intentional action that could expose it to tort liability outside of the NMWCA requires an "intricate analysis of state law." *See Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013). This is particularly relevant here because whether Defendant B&M's conduct qualifies as willful and intentional is a disputed factual issue that is central to this case.

Defendant FedEx's reliance on *Hunt v. Tri-State Care Flight, LLC*, for the proposition that determining whether a party can establish the three elements of a *Delgado* claim does not require an "intricate analysis" of state law is misplaced. 2018 WL 6333913 (D.N.M., 2018). *Hunt* involved an assessment beyond the original pleadings to determine whether the joinder of a party was fraudulent. In this case, however, an evaluation of Plaintiff's original pleadings is sufficient to

7

make a finding against removal. In Plaintiff's Complaint, he clearly contemplates an exception to the NMWCA exclusivity provision and alleges that the actions of Defendant B&M are such that it could be liable under the *Delgado* doctrine. Doc. 1-1 at 6. Plaintiff states he intends to show Defendant B&M "engaged in an intentional act or omission by not providing its employees with proper equipment, such as a tall enough ladder or scissor lift, to perform their job duties. B&M knew or should have known that FedEx did not have a lockout/tagout for the conveyor belt, did not have an emergency shutoff close to the conveyor belt, and did not have the adequate equipment for Plaintiff to perform his duties." Doc. 1-1 at ¶ 15. These claims in Plaintiff's original pleadings are sufficient to raise issues of fact and establish the possibility of a right to relief and defeat removal jurisdiction. *See Dodd*, 329 F.2d at 85 (holding "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty").

Third, Defendant FedEx asks this Court to find that Plaintiff has not established a *Delgado* claim under the alleged facts and applicable law. While Defendant FedEx believes that recovery by Plaintiff is not likely, it has not established that it is not possible. Considering all factual and legal issues in favor of Plaintiff, the Court cannot conclude that Plaintiff cannot establish a cause of action against Defendant B&M in state court. *See Long v. Halliday*, 768 F. App'x 811, 814 (10th Cir. 2019) (holding all factual and legal issues must be resolved in favor of the plaintiff). As a result, the Court declines to make a finding of fraudulent joinder.

B. **The Court Declines to Grant Attorney Fees and Costs.**

Finally, Plaintiff seeks court costs, expenses, and attorney's fees pursuant to 28 U.S.C. §1447(c) alleging Defendant FedEx's removal was unreasonable and improper. Doc. 14 ¶ 13. Defendant FedEx asserts fees are not proper because absent facts as egregious as those in *Delgado*,

it is impossible to prevail in a *Delgado* claim. Doc. 16 at 18. In *Martin v. Franklin Capital Corp.*, the Supreme Court stated that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." 546 U.S. 132, 141 (2005). The Court finds that Defendant's removal was not objectively unreasonable. Defendant merely failed to demonstrate that there is no possibility that Plaintiff would be able to establish a cause of action against Defendant B&M in state court. Thus, Plaintiff's request for attorney fees and costs is not warranted in this case.

## IV.
## CONCLUSION

The Court finds Defendant B&M was not fraudulently joined. Therefore, complete diversity among the parties does not exist and removal to this Court was not proper.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Opposed Motion to Remand (Doc. 14) is **GRANTED**;

2. This case shall be **REMANDED** to the Third Judicial District Court of Dona Ana County;

3. Plaintiff's Request for Attorney's Fees and Costs is **DENIED**.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE